**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WALTER CHANEY,

    Petitioner,

v.                                                                  CASE NO: 8:05-CV-1729-T-30MSS

WALTER A. MCNEIL,[1]

    Respondent.
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se,* initiated this action by filing a Petition for Writ of Habeas Corpus (hereinafter "petition") pursuant to 28 U.S.C. § 2254 (Dkt. 1), and a memorandum of law in support of the petition (Dkt. 2 at pp. 10-39). Petitioner challenges his sentences entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. Respondent has filed a response to the petition (Dkt. 8), and Petitioner has filed a reply thereto (Dkt. 13). The matter is now before the Court for consideration on the merits. An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a) (2007).

---

[1] Walter A. McNeil, the current Secretary of the Florida Department of Corrections, is substituted as the proper party respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

**Procedural History**

On May 9, 1990, Petitioner pled no contest to possession of cocaine in case number 90-04782 (Dkt. 9, Exhibit 1). On September 11, 1990, the state court sentenced him as a habitual felony offender to five years probation. (Dkt. 9, Exhibit 2). On December 23, 1992, Petitioner was found guilty of violating his probation.[2] The court revoked Petitioner's probation and sentenced him as a habitual felony offender to five years imprisonment. (Dkt. 9, Exhibit 3).

On September 11, 1990, Petitioner pled guilty to robbery, two counts of aggravated battery, and aggravated assault in case number 90-9634, and pled guilty to carrying a concealed firearm, felon in possession of a firearm, and obstructing or opposing an officer without violence in case number 90-9635 (Dkt. 9, Exhibit 4). The state court sentenced him as a habitual felony offender to five years probation on all counts, except to the obstructing an officer count to which he was sentenced to time served in the county jail. (Dkt. 9, Exhibits 5 & 7). On December 23, 1992, the court found Petitioner guilty of violating his probation, revoked his probation, and sentenced him as a habitual felony offender to fifteen years imprisonment on the charge of felon in possession of a firearm, and five years imprisonment on the charge of carrying a concealed firearm, with both counts running concurrently (Dkt. 9, Exhibit 8), and sentenced him as a habitual felony offender to thirty years imprisonment on the robbery count, fifteen years imprisonment on the two aggravated battery counts, and five years imprisonment on the aggravated assault count, with all counts to run concurrently. (Dkt. 9, Exhibit 6).

---

[2]Petitioner's probation was revoked in the three 1990 cases after he was found guilty in 1992 of robbery with a firearm (Dkt. 9, Exhibit 9).

Petitioner appealed the judgments in the three 1990 cases and the 1992 robbery case (Dkt. 9, Exhibit 10). The two issues raised on appeal were whether the trial court erred when it failed to exclude potential trial witnesses during a hearing on a motion in limine, and when it gave, over objection, jury instructions on all lesser included offenses of robbery with a firearm (Id.). On May 26, 1995, the appellate court issued a *per curiam* unwritten opinion affirming Petitioner's judgments in all four cases (Dkt. 9, Exhibit 12); *Chaney v. State*, 656 So. 2d 1282 (Fla. 2d DCA 1995)[table].

On September 17, 1995, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Dkt. 9, Exhibit 14). Petitioner raised four grounds, including his claim that he was illegally sentenced as a habitual offender on his original probation plea in the 1990 cases. On May 9, 1996, the state trial court denied the motion (Dkt. 9, Exhibit 16).

On April 9, 1998, the state appellate court granted Petitioner's petition for a belated appeal of the 1990 cases and the 1992 case in appellate Case No. 2D96-2017 (Dkt. 9, Exhibit 17). Petitioner raised three issues on appeal: (1) whether counsel provided ineffective assistance of counsel by failing to properly investigate and prepare for trial, and by preventing Petitioner from testifying at trial; (2) whether Petitioner was illegally sentenced as a habitual violent felony offender in the 1992 case; and 3) whether the trial court improperly accepted Petitioner's plea in the 1990 cases, and improperly imposed habitual felony offender probation in those cases (Dkt. 9, Exhibits 18-19). The State filed an answer brief, asserting that the claims regarding the habitual offender sentences in the 1992 and 1990 cases were procedurally barred (Dkt. 9, Exhibit

20). On March 19, 1999, the appellate court filed *a per curiam* opinion affirming the denial of post-conviction relief (Dkt. 9, Exhibit 21); *Chaney v. State*, 733 So. 2d 523 (Fla. 2d DCA 1999). The mandate was issued on May 24, 1999. (Dkt. 9, Exhibit 23). Petitioner sought discretionary review in the Florida Supreme Court (Dkt. 9, Exhibit 24), but the court dismissed the petition for discretionary review for lack of jurisdiction (Dkt. 9, Exhibit 25); *Chaney v. State*, 732 So. 2d 326 (Fla.1999).

On May 12, 1999, Petitioner filed a pro se "Complaint for Habeas Corpus Relief" in the appellate court (Dkt. 9, Exhibit 26). On August 20, 1999, the appellate court denied the petition without discussion (Dkt. 9, Exhibit 27); *Chaney v. State*, 743 So. 2d 1085 (Fla. 2d DCA 1999)[table].

On April 12, 1999, Petitioner filed a Motion for Correction of Sentence pursuant to Fla. R. Civ. P. 3.800, and on June 21, 1999, the trial court summarily denied the motion. (Dkt. 9, Exhibit 28). The court found Petitioner's sentencing claims regarding the 1990 cases to be procedurally barred as successive (Id. at p.3).

On September 5, 1999, Petitioner filed a second Rule 3.850 motion for post-conviction relief, and an amended motion on October 5, 1999 (Dkt. 9, Exhibits 29-30). On November 29, 1999, the trial court denied both motions (Dkt. 9, Exhibit 31). Petitioner appealed, and on June 7, 2000, the state appellate court *per curiam* affirmed the denial of the motions (Dkt. 9, Exhibit 34); *Chaney v. State*, 764 So. 2d 587 (Fla. 2d DCA 2000)[table]. The mandate issued on July 17, 2000 (Dkt. 9, Exhibit 35).

On August 21, 2000, Petitioner filed a Motion to Correct Sentence pursuant to Fla. R. Civ. P. 3.800(a) (Dkt. 9, Exhibit 36). Petitioner alleged three grounds for relief: (1) A prior offense essential to categorize the Defendant as an habitual felony offender does not actually exist; (2) upon revocation of probation by the Court, the Defendant could not be sentenced as an habitual felony offender; and (3) the Defendant's sentence was calculated by improperly using victim injury points (Id.). On December 23, 2000, the state trial court denied relief, finding as to the challenges to the habitual offender sentencing that Petitioner had previously litigated the claims and the denial of relief had been affirmed. (Dkt. 9, Exhibit 37). Petitioner appealed, and on July 6, 2001, the state appellate court *per curiam* affirmed the denial of the Motion to Correct Sentence (Dkt. 9, Exhibit 39). However, Petitioner filed a motion for rehearing which was granted by the appellate court on January 9, 2002, and the court withdrew its earlier opinion and issued a substitute opinion. (Dkt. 9, Exhibit 38). The appellate court held that Petitioner was entitled to be re-sentenced on his original probationary sentences in the 1990 cases unless the original sentences were the result of negotiations with the State. (Id.); *Chaney v. State*, 805 So. 2d 1039 (Fla. 2d DCA 2002). The mandate was issued by the appellate court on January 29, 2002 (Dkt. 9, Exhibit 39).

On remand for re-sentencing, the trial court filed an order on May 7, 2002, finding Petitioner's sentencing claim regarding the 1990 habitual offender probationary sentences was barred by laches (Dkt. 9, Exhibit 40). Petitioner appealed, and on September 25, 2002, the state appellate court *per curiam* affirmed (Dkt. 9, Exhibit 41); *Chaney v. State*, 833 So. 2d 128 (Fla. 2d DCA 2002)[table].  The mandate issued on November 14, 2002 (Dkt. 9, Exhibit 42).

On January 1, 2003, Petitioner filed a Motion to Correct Sentence in his three 1990 cases (Dkt. 9, Exhibit 43). Apparently, the motion was denied and Petitioner appealed (Dkt. 9, Exhibit 44 ). On May 30, 2003, the state appellate court *per curiam* affirmed the denial of relief (Dkt. 9, Exhibit 45); *Chaney v. State*, 856 So. 2d 988 (Fla. 2d DCA 2003)[table]. The mandate was issued on August 12, 2003 (Dkt. 9, Exhibit 46).

On September 3, 2003, Petitioner filed another rule 3.800 motion to correct sentence in the 1990 cases (Dkt. 9, Exhibit 47). The trial court denied the motion as successive on April 2, 2004 (Dkt. 9, Exhibit 48). Petitioner appealed, and the state appellate court affirmed (Dkt. 9, Exhibit 49); *Chaney v. State*, 888 So. 2d 632 (Fla. 2d DCA 2004)[table]. The state appellate court issued its mandate on December 23, 2004 (Dkt. 9, Exhibit 50).

Finally, on February 11, 2005, Petitioner filed in the state appellate court a motion to vacate judgment, which the court struck as unauthorized on March 7, 2005 (Dkt. 9, Exhibit 51).

Petitioner dated his federal habeas petition September 9, 2005 (Dkt. 1 at 13). Therefore, the federal petition, in which Petitioner raises two grounds for relief, is timely.

**Discussion**

**Grounds One and Two**

In Ground One, Petitioner asserts that the state trial court erred when it imposed a sentence of five years probation as a habitual offender because Florida's habitual offender statute did not authorize the sentence; and in Ground Two, Petitioner alleges that the state trial court erred when it sentenced him as a habitual offender after he violated his probation.

Neither of Petitioner's claims warrants federal habeas corpus relief. The two claims for relief involve sentencing issues. These are issues that are controlled by state law, not federal law. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional dimension is involved. *See Carrizales v. Wainwright*, 699 F. 2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982).

As stated by the Eleventh Circuit in *Branan v. Booth*, 861 F. 2d 1507, 1508 (11th Cir. 1998), "we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures." *See also*, *Nichols v. Estelle*, 556 F.2d 1330, 1331 (5th Cir.1977)("federal courts do not review a state's failure to adhere to its own sentencing procedures…"). This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is "couched in terms of equal protection and due process." *Branan*, at 1508. Therefore, Petitioner is not entitled to federal habeas corpus relief.

Moreover, Petitioner did not present these sentencing issues in the state court or in this Court as a federal constitutional violation. Consequently, the claim is unexhausted and procedurally barred. A petitioner must present his claims to the state courts before raising them in federal court. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). *Accord, Rose v. Lundy*, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full

relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error"), and *Upshaw v. Singletary*, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated."). In *Duncan v. Henry*, the United States Supreme Court held that "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." 513 U.S. at 365. *Accord, Anderson v. Harless*, 459 U.S. 4 (1982). Because Petitioner never presented these sentencing issues in constitutional terms in state court, they are unexhausted and procedurally barred.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED**  (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue -- only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on April 9, 2008.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies to:
All Parties/Counsel of Record